IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORLANDO G. LUCERO,

      **Plaintiff,**

      vs.                                                                               Civ. No. 24-812 JFR/JMR

**BERNALILLO COUNTY SHERIFFS OFFICE,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND[1]

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss ("Motion"), filed August 14, 2024. Doc. 5. Plaintiff, who is proceeding *pro se*, did not timely respond to Defendant's Motion.[2] Instead, on November 3, 2024, Plaintiff filed a letter addressed to the undersigned in which he asks that the Court "consider looking at the evidence . . . showing that [Plaintiff] had no knowledge" of the events that formed the basis of his arrest and his subsequent civil lawsuit against Defendant. Doc. 13. Being fully advised in the premises, the Court finds that Defendant's Motion is well taken and will be **GRANTED**. The Court, however, will grant Plaintiff leave to file an Amended Complaint consistent with the Court's findings herein within twenty-one days of entry of this Memorandum Opinion and Order.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case. (Docs. 7, 10, 12.)

[2] The Court construes the Complaint liberally because Plaintiff is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally … if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so … At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

## PROCEDURAL AND FACTUAL BACKGROUND

On July 19, 2024, Plaintiff filed a Civil Complaint against the Bernalillo County Sheriff's Office in State of New Mexico, Bernalillo County, Metropolitan Court ("Complaint").  Doc. 1-1.  Plaintiff explains in his Complaint that on July 9, 2024, he was arrested while at work and falsely charged with tampering with evidence and transferring a stolen vehicle. Dc. 1-1 at 2-3.  Plaintiff claims he was held at the Metropolitan Detention Center for four days during which time his home was raided and resulted in damage to certain of his personal property.  *Id.*  Plaintiff's Complaint alleges claims of unlawful detention pursuant to 10 U.S.C. § 897, Art. 97; police misconduct pursuant to 34 U.S.C. 12601; false reporting and damage to property pursuant to criminal offenses described in New Mexico's criminal code; and violation of "constitutional rights" based on damage to his personal property.  *Id.*

On August 14, 2024, Defendant removed Plaintiff's case to this Court based on claims raised pursuant to federal law.  Doc. 1.  On the same date, Defendant filed its Motion pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively to stay pending resolution of Plaintiff's underlying criminal proceedings.  Doc. 5.  In its Motion, Defendant argues that the Bernalillo County Sheriff's Office is not a suable entity under 42 U.S.C. § 1983.  *Id.*  Defendant further argues that Plaintiff's Complaint does not allege that Bernalillo County has unconstitutional or illegal customs and/or policies that are the "moving force" behind any constitutional violation he allegedly suffered.  Defendant argues, therefore, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  *Id.*

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides that a party may assert by motion the defense of failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss premised on

Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). While the facts in the complaint need not be detailed, they must be sufficient to allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration, internal quotation marks, and citation omitted). Indeed, "[c]onclusory allegations are not entitled to the assumption of truth." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (internal quotation marks and citation omitted).

## ANALYSIS

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff first alleges he was unlawfully detained in violation of 10 U.S.C. § 897, Art. 97. This statute pertains to military personnel and court martials and is not applicable to the facts of this case.[3] Plaintiff next alleges claims of "false reporting" pursuant to N.M.S.A. § 30-39-1[4] and "damage to property" pursuant to N.M.S.A. § 30-15-1.[5] Both of these claims are based on offenses defined in New Mexico's criminal code pursuant to which Plaintiff does not have a private right of

---

[3] 10 U.S.C. § 897, Art. 97, *Unlawful detention,* states that "[a]ny person subject to this chapter who, except as provided by law, apprehends, arrests, or confines any person shall be punished as a court-martial may direct."

[4] N.M.S.A. § 30-39-1, *False report; penalty*, states that "[i]t is unlawful for any person to intentionally make a report to a law enforcement agency or official, which report he knows to be false at the time of making it, alleging a violation by another person of the provisions of the Criminal Code [30-1-1 NMSA 1978]. Any person violating the provisions of this section is guilty of a misdemeanor."

[5] N.M.S.A. § 30-15-1, *Criminal damage to property*, states that "[c]riminal damage to property consists of intentionally damaging any real or personal property of another without the consent of the owner of the property."

action. *See Kelley v. Rockefeller*, 60 F. App'x 414-415-16 (10th Cir. 2003) (explaining that criminal statues do not provide for private civil causes of action); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Last, Plaintiff invokes 34 U.S.C. § 12601[6] to claim police misconduct. However, Section 12601 affords enforcement only to the Attorney General and does not create a private right of action. *See* 34 U.S.C. § 12601(b); *see also Patriece D. Minner v. Juvenile Ct., Shelby Ct. Gov't*, No. 2-17-cv-2714-JPM-cgc, 2018 WL 4762136 (W.D. Tenn. Oct. 2, 2018) (stating that Section 12601 does not create a private right of action).

To the extent Plaintiff's mere mention that his "constitutional rights" were violated based on damage to his belongings, Plaintiff has failed to state a claim upon which relief can be granted. 42 U.S.C. § 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of State law, violates the claimant's federally protected rights. To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprives the plaintiff of that right acted under color of State law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court notes:

---

[6] 34 U.S.C. § 12601 states:

**(a) Unlawful conduct**

It shall be unlawful for any governmental authority, or any agent thereof, or a person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons or rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

**(b) Civil action by Attorney General**

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

*Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002). The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Further, there is no *respondeat superior* liability under § 1983. *Id.,* 556 U.S. at 675; *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 689 (1978).

With the foregoing in mind, Plaintiff's Complaint fails to allege a violation of rights protected by the federal Constitution or created by federal statute or regulation that was proximately caused by the conduct of a person who acted under color of law. Additionally, Defendant is correct that Bernalillo County Sheriff's Department is not a separate suable entity under § 1983. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

In sum, and for the reasons stated, the Court finds that Plaintiff's Complaint has failed to a state a claim upon which relief can be granted and will GRANT Defendant's Motion to Dismiss.

**LEAVE TO AMEND**

The Court, however, will grant leave for Plaintiff to file a single amended complaint within 21 days of this Memorandum Opinion and Order's entry. The amended complaint will supersede the original complaint and must include all federal and State claims Plaintiff wishes to pursue in this case. Any amended complaint must comply with pleading standards. *See* Fed. R. Civ. P. 8(a)(2) (instructing that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that this pleading standard "does not require detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). Further, any amended complaint must name the correct defendants, and "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original) (explaining that in § 1983 cases it is particularly important that the complaint is clear). If Plaintiff does not timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff has twenty-one days to file an Amended Complaint consistent with Court's findings herein.

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**